**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **KAREN DUNFORD**<br><br>**Plaintiff**<br><br>**v.**<br><br>**GIBBS COLLEGE; THE KATHERINE GIBBS SCHOOL OF PROVIDENCE, INC.; CAREER EDUCATION CORPORATION**<br><br>**Defendants** | **C.A. No. 06-0256-S** |

**ANSWER AND SEPARATE DEFENSES**

Defendants Career Education Corporation ("CEC") and The Katherine Gibbs School of Providence, Inc., collectively referred to as Defendants[1], by and through their attorneys, hereby answer the Complaint of Plaintiff, Karen Dunford (hereafter "Plaintiff"), in accordance with the numbered paragraphs thereof, as follows:

**INTRODUCTORY STATEMENT**

Defendants deny that they have committed any unlawful and/or discriminatory employment practices, and deny that Plaintiff is disabled or sought a reasonable accommodation for a disability under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12001, et seq., and the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1, et seq., as alleged in the Introductory Statement. Defendants also deny that Plaintiff is entitled to recover any relief whatsoever from Defendants under any additional claims contained within the Complaint.

[1] Plaintiff has also named "Gibbs College" as a Defendant in this matter. Gibbs College is a Fictitious Name under which certain educational institutions operated by The Katharine Gibbs School of Providence, Inc. do business. Gibbs College is not a separate legal entity and, therefore, not a viable Defendant.

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains jurisdictional statements and legal conclusions to which no response is required.

2. Paragraph 2 of the Complaint contains jurisdictional statements and legal conclusions to which no response is required.

3. Paragraph 3 of the Complaint contains statements and legal conclusions relating to venue to which no response is required. Defendants admit that venue is proper in this Court. To the extent that the allegations in Paragraphs 3(a) – (c) assert that Defendants committed any "unlawful practices" or that Plaintiff suffered any damages or loss of employment due to any unlawful actions by Defendants, they are denied.

4. Defendants admit that Plaintiff filed a Charge of Discrimination on September 22, 2005 and that this document speaks for itself. To the extent the allegations in Paragraph 4 are inconsistent with the content of the Charge, they are denied.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required.

## THE PARTIES

6. Upon information and belief, Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Denied.

8. Denied.

9. The allegations in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required.

10. The allegations in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required.

11. The allegations in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response to the allegations in Paragraph 11 is required, Defendants deny that Plaintiff has a physical or emotional impairment that substantially limits one or more of her major life activities, has a record of such an impairment and/or was regarded by Defendants as having such an impairment.

**FACTS APPLICABLE TO EACH COUNT**

12. Defendants admit that it employed Plaintiff for approximately 16 months. To the extent that the allegations in Paragraph 12 are inconsistent with the foregoing, they are denied.

13. Admitted.

14. Defendants admit that Plaintiff was terminated from employment on or about July 27, 2005 for unprofessional behavior.

15. Denied.

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required. Defendants admit that Plaintiff was not disabled and, therefore, was able to perform the essential functions of her job, but deny that Plaintiff met Defendants' legitimate expectations.

17. Defendants are without knowledge and/or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, deny them.

18. The allegations in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations are deemed factual, they are denied.

19. Defendants deny that they were aware of any impairments affecting Plaintiff at the time of her termination from employment. By way of further response, Plaintiff provided Defendants with a Medical Note from her physician establishing that she was "fully fit" on July 25, 2005.

20. Admitted.

21. Admitted. By way of further response, when Plaintiff returned to work from medical leave on or about July 25, 2006, she presented Defendants with a Medical Note from her physician establishing that she was "fully fit."

22. Defendants admit that Plaintiff's employment was terminated on or about July 27, 2005 immediately following an investigation into complaints Defendants received from other employees regarding Plaintiff's unprofessional behavior, including the use of foul language in front of students.

23. Denied.

24. Denied.

25. Denied.

26. Denied

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**COUNT I**

31. Defendants repeat and reallege their responses to Paragraph Nos. 1-30 of the Complaint as if fully stated herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

Defendants deny that Plaintiff is entitled to any relief in this matter, including the remedies described and relief requested in the Prayer for Relief or "Wherefore" Section of Count I of the Complaint.

**COUNT II**

36. Defendants repeat and reallege their responses to Paragraph Nos. 1-30 of the Complaint as if fully stated herein.

37. Denied.

38. Defendants admit that Plaintiff had no impairment or disability affecting her ability to perform her position and had no need for, and did not request, any accommodation of any such impairment or disability. To the extent the allegations in Paragraph 38 of the Complaint are inconsistent with the foregoing, they are denied.

39. Denied.

40. Denied.

Defendants deny that Plaintiff is entitled to any relief in this matter, including the remedies described and relief requested in the Prayer for Relief or "Wherefore" Section of Count II of the Complaint.

**COUNT III**

41. Defendants repeat and reallege their responses to Paragraph Nos. 1-30 of the Complaint as if fully stated herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

Defendants deny that Plaintiff is entitled to any relief in this matter, including the remedies described and relief requested in the Prayer for Relief or "Wherefore" Section of Count III of the Complaint.

**COUNT IV**

47. Defendants repeat and reallege their responses to Paragraph Nos. 1-30 of the Complaint as if fully stated herein.

48. The allegations in Paragraph 48 of the Complaint constitute legal conclusions to which no response is required.

49. The allegations in Paragraph 49 of the Complaint constitute legal conclusions to which no response is required.

50. The allegations in Paragraph 50 of the Complaint constitute legal conclusions to which no response is required.

51. The allegations in Paragraph 51 of the Complaint constitute legal conclusions to which no response is required.

52. Denied.

53. Denied.

Defendants deny that Plaintiff is entitled to any relief in this matter, including the remedies described and relief requested in the Prayer For Relief or "Wherefore" Section of Count IV of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief in this matter, including the remedies described and relief requested in the Prayer For Relief section of the Complaint, sub-paragraphs (a) through (h), inclusive.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiff's Complaint with prejudice and awarding Defendants their attorneys' fees, costs of suit and such other and further relief as the Court may deem proper.

Any allegation in the Complaint that is not specifically admitted above, is hereby denied.

## SEPARATE DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff was an at-will employee and therefore was subject to termination with or without cause.

3. To the extent that Plaintiff has mitigated or failed to mitigate her damages, her claims or remedies are diminished or barred.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, laches, estoppel, waiver, or other equitable defenses.

5. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel by conduct.

6. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

7. Plaintiffs termination-based claims are barred in whole or in part by the after-acquired evidence doctrine.

8. All actions taken by Defendants with regard to Plaintiff were based solely upon legitimate, non-discriminatory and non-retaliatory reasons.

9. Punitive damages are not available against Defendants because Defendants made a good faith effort to comply with the law.

10. Insofar as Plaintiff alleges that Defendants had a dual or mixed motive for her termination, Defendants assert that they would have terminated Plaintiff in any event without regard to any unlawful motive.

11. Plaintiff cannot state a claim against some Defendants because they are not her employer(s).

12. Defendants reserve the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

Respectfully submitted,

BLISH & CAVANAGH, LLP
Attorneys for Defendants
Career Education Corporation, Gibbs College, and The Katherine Gibbs School of Providence, Inc.

/s/ Stephen J. Reid, Jr.
Stephen J. Reid, Jr. #2811
sjr@blishcavlaw.com
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Of Counsel:

Rene M. Johnson, Esq.
John T. McDonald, Esq.
MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendants
Career Education Corporation, Gibbs College, and The Katherine Gibbs School of Providence, Inc.

Dated: November 2, 2006

**CERTIFICATE OF SERVICE**

I certify that on November 2, 2006, I caused a copy of the foregoing Defendants' Answer And Separate Defenses to be electronically served upon the following:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

/s/ Stephen J. Reid, Jr.