**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**KAREN DUNFORD,**

Plaintiff

v.

C.A. NO. 06-256 S

**GIBBS COLLEGE;**
**THE KATHERINE GIBBS SCHOOL**
**OF PROVIDENCE, INC.;**
**CAREER EDUCATION CORPORATION,**

Defendants

# STATEMENT FOR RULE 16 CONFERENCE

## I. INTRODUCTORY STATEMENT

This action was commenced by Karen Dunford (hereinafter also referred to as "Plaintiff" or "Dunford") against Gibbs College, The Katherine Gibbs School of Providence, Inc., and Career Education Corporation (hereinafter also referred to as "Defendant(s)" or "Company" or "Gibbs"), in order to remedy and seek relief for the Defendants' alleged unlawful and discriminatory employment practices based on the Plaintiff's disability status, and in retaliation for the Plaintiff seeking reasonable accommodation, in violation of Title I of The Americans with Disabilities Act of 1990, 42 U.S.C. Sections 12001 *et seq*., and the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1 *et seq*., in addition to other claims.

## II. FACTUAL ALLEGATIONS:

The Plaintiff, Karen Dunford ("Dunford" or "Plaintiff"), an individual, is a resident of Riverside, Rhode Island. On information and belief, the Defendants, Gibbs College, The Katherine Gibbs School of Providence, Inc., Career Education Corporation,

are foreign corporations, registered and authorized by appropriate state authority to conduct business in the State of Rhode Island. The Defendants own, operate, and maintain various facilities in the United States, including one in Rhode Island, at which the Plaintiff had been employed, providing educational and career training services.

Plaintiff worked for the Defendant consecutively, and on a full-time basis, for approximately 16 months, prior to her termination, at its facility located in Cranston, Rhode Island, in the position of Director of Career Services. On or about July 27, 2005, Plaintiff was summarily terminated for alleged "unprofessional behavior." Prior to her termination, Plaintiff had always performed her duties in a satisfactory manner, meeting the Employer's legitimate expectations.

Plaintiff suffers from certain medical impairments, including but not limited to a medically diagnosed learning disability characterized by severe stress and recurrent diverticulitis. Plaintiff's medical impairments substantially impacted on certain of her major life activities including but not limited to, her ability to work. The Defendants were aware of Plaintiff's impairments at the time of her termination. On or about June 10, 2005, Plaintiff commenced a medical leave of absence, with appropriate documentation provided by her treating physician. Plaintiff returned to work from her medical leave, on or about July 25, 2005. On or about July 27, 2005, Plaintiff was terminated. Prior to her termination, Plaintiff had never been apprised by Defendants that her workplace performance or conduct had been unsatisfactory in any way. The Defendants' proffered reason to terminate the Plaintiff was false and a mere pretext to conceal its discriminatory motive, based on Plaintiff's medical condition, and/or its perception that Plaintiff was

disabled, and its actual intent to retaliate against Plaintiff for seeking reasonable accommodation in the form of a brief medical leave.

## III. TRIAL ISSUES:

No unusual trial or discovery matters are anticipated. The case presents fairly straightforward issues concerning that Plaintiff's disability status for purposes of the ADA and her work performance. Evidentiary issues should be resolved pursuant to the burden shifting analysis in **McDonnell Douglas Corp. vs. Green**, 411 U.S. 792 (1973). See also **Feliciano de la Cruz vs. El Conquistador Resort and Country Club**, 218, F.3d 1,6 (1st Cir. 2000).

## IV. CASE PROCESSING MATTERS

The Parties have not engaged in settlement discussions, to date. The Plaintiff is open to any form of alternative dispute resolution.

Respectfully Submitted,
Karen Dunford,
By Her Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)
stephenfanning@msn.com

CERTIFICATION

I hereby certify that a true a correct copy of the above was served on counsel Stephen J. Reid, counsel for the Defendant by electronic transmission on this 29th day of November 29, 2006.

/s/ Stephen T. Fanning